[Cite as *State v. Underwood*, 2012-Ohio-4263.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 170 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MELISSA UNDERWOOD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                               Court, Case No. 10 CR 1283.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
                               Prosecuting Attorney
                               Attorney Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 W. Boardman St., 6th Floor
                               Youngstown, OH 44503


For Defendant-Appellant:       Attorney Megan Graff
                               Harrington, Hoppe & Mitchell
                               26 Market Street, Suite 1200
                               P.O. Box 6077
                               Youngstown, OH 44501


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                              Dated: September 11, 2012

DeGenaro, J.

{¶1}    Defendant-Appellant, Melissa Underwood, appeals the decision of the Mahoning County Court of Common Pleas that accepted her guilty plea to two counts of aggravated assault. On appeal, Underwood argues that the trial court did not comply with Crim.R. 11 when accepting her plea and therefore her plea was invalid. Upon review, the sole assignment of error is meritless. A review of the plea colloquy reveals that the trial court did comply with Crim.R. 11 and properly advised Underwood of her constitutional rights. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2}    On December 9, 2010, Underwood was indicted by the Mahoning County Grand Jury on two counts of felonious assault (R.C. 2903.11(A)(2)(D)/(A)(1)(D)), both second-degree felonies. These charges stemmed from an incident where Underwood struck her ex-boyfriend with a vehicle following an argument between the two of them. Underwood initially pled not guilty to these charges and the court appointed counsel.

{¶3}    On June 23, 2011, the State and Underwood entered into a Crim.R. 11 plea agreement. Underwood withdrew her previous plea of not guilty and agreed to plead guilty to two amended counts of aggravated assault (R.C. 2903.12(A)(1)(B)/(A)(2)(B)), fourth-degree felonies which would merge upon sentencing. The State agreed to adopt the recommendation in the pre-sentence investigation and recommend anger management. The State also recommended that if there is a claim for restitution, it be ordered. At a plea hearing that same day, the trial court accepted Underwood's guilty plea and granted the State's motion to amend the charges.

{¶4}    Following a sentencing hearing, the trial court issued a judgment entry on August 26, 2011, sentencing Underwood to two years of community control and requiring her to complete programs at the Community Corrections Association.

{¶5}    Underwood sent a pro-se letter of appeal to the trial court on September 15, 2011. This letter was filed by the Clerk of Courts on September 28, 2011. That same day, the trial court overruled Underwood's request to withdraw her guilty plea.

**Compliance with Crim.R. 11**

**{¶6}** In her sole assignment of error, Underwood argues:

**{¶7}** "The trial court erred by failing to comply with Crim.R. 11 when it did not properly inform Appellant that the State would have to prove her guilt beyond a reasonable doubt."

**{¶8}** Underwood contends that the language the trial court used during the plea hearing did not properly inform her that she was waiving the right to have the State prove her guilt beyond a reasonable doubt. Thus, she contends that her guilty plea was invalid and urges this court to reverse and remand the case.

**{¶9}** The due process clause in both the United States and Ohio Constitutions require pleas of guilty or no contest be knowing, intelligent, and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Buchanan*, 43 Ohio App.2d 93, 96, 334 N.E.2d 503 (8th Dist.1974). When determining the voluntariness of a plea, courts must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07-MA-8, 2008-Ohio-1065, ¶8; *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**{¶10}** Crim.R. 11(C)(2) describes the procedure a trial court must use when accepting a guilty plea in a felony case. Crim.R. 11(C)(2)(c) requires that the trial court advise the defendant of the constitutional rights against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove the defendant's guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶19-21. With respect to these constitutional rights, strict compliance with the rule is required. *Id.* at ¶31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a

manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

{¶11}   During the plea colloquy, the trial court addressed Underwood as follows:

You have a right to a jury trial where all 12 people have to find you guilty beyond a reasonable doubt of these two counts of aggravated assault. You give up that right.   You give up the right to make Mr. Desmond [the prosecutor] prove all the elements that it takes to make up this charge.  The car, in Mahoning County, he got hurt, et cetera, et cetera.  Each element has to be proved.

\* \* \*

\* \* \*

You also have the right to at trial, if it was a jury or even me, to make a statement and testify.  You have a right not to.  It's called a right against self-incrimination.  You could say, hey, Mr. Desmond, you brought this case, you prove it.  I'm not gonna help you. \* \* \*

{¶12}   The plea colloquy demonstrates the trial court did comply with Crim.R. 11. The trial court explained to Underwood her right to a jury trial where the jury would have to find her guilty beyond a reasonable doubt and the State would have the burden of proof in proving the elements of the offense.  Although the trial court did not literally recite the language of Crim.R. 11(C)(2)(c), it was not required to do so.   The trial court explained the right to have the State prove Underwood's guilt beyond a reasonable doubt "in a manner reasonably intelligible" to her.  *Ballard* at paragraph two of the syllabus.

{¶13}   Underwood further cites to *State v. Elmore*, 7th Dist. No. 08-JE-36, 2009-Ohio-6400, to argue that the trial court erred by failing to inform Underwood that the jury would need to be convinced by the evidence the State presented.  However, Underwood misconstrues the holding of that case.  In *Elmore*, the trial court addressed the defendant as follows: "Had this case gone to trial \* \* \* you would have a number of trial rights but by your plea of guilty you're waiving or giving up \* \* \* your right to trial by jury and in this case that means that there would have been 12 jurors who could not convict you unless they

were unanimously convinced beyond a reasonable doubt of each element of this offense." *Id.* at ¶ 13. The defendant argued that his plea was invalid because the trial court failed to specifically mention the State had the burden of proof. However, we determined that the trial court complied with Crim.R. 11 because it referenced convincing the jury, and the only other party to convince the jury would be the State. *Id.* at ¶ 14-15.

{¶14} Here, the trial court indicated the State bore the burden of proof, by saying that the prosecutor, the State's representative, would need to prove the elements of the offense. Notwithstanding Underwood's argument, *Elmore* does not require that the trial court specifically state that the jury must be "convinced" of the defendant's guilt beyond a reasonable doubt. Moreover, Crim.R. 11(C)(2)(c) does not appear to require that the court inform the defendant that the jury need be "convinced" of the defendant's guilt or that the State must prove guilt beyond a reasonable doubt "with evidence".

{¶15} Because the trial court strictly complied with Crim.R. 11 and Underwood's plea was entered knowingly, voluntarily, and intelligently, this sole assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.