[Cite as *State v. Phillips*, 2016-Ohio-4687.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27661 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY L. PHILLIPS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 01 0021 |

## DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Anthony Phillips, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} Phillips was arrested on December 14, 2013. A grand jury indicted him on charges of kidnapping, menacing by stalking, aggravated menacing, abduction, domestic violence, and three counts of violating a protection order. Phillips ultimately pleaded guilty to menacing by stalking, abduction, and one count of violating a protection order in exchange for the dismissal of his remaining charges and an agreed sentence of 18 months in prison. The court accepted his guilty plea on December 1, 2014, and sentenced him to serve 18 months in prison.

{¶3} Phillips now appeals and raises two assignments of error for our review. For ease of analysis, we reorder the assignments of error.

II

Assignment of Error Number Two

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGH HIS SECOND COUNSEL'S FAILURE TO RAISE THE ISSUE OF A SPEEDY TRIAL.

{¶4} In his second assignment of error, Phillips argues that he received ineffective assistance of trial counsel. Specifically, he argues that he was prejudiced when his counsel failed to assert his speedy trial rights. We disagree.

{¶5} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984). "Therefore, in order to support an ineffective assistance claim on th[e] basis [that counsel failed to preserve the defendant's speedy trial rights], the defendant must show there was a valid basis for moving to dismiss based on a speedy trial violation and that such a motion would have affected the outcome." *State v. Morgan*, 9th Dist. Medina No. 07CA0124-M, 2008-Ohio-5530, ¶ 42.

{¶6} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the state of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's speedy trial statute provides that a person charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). "Time is calculated to run the day after the date of arrest." *State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, ¶ 12. "Upon motion made at or prior to the commencement of trial, a person charged with an offense

shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). Under certain conditions, however, the time within which an accused must be brought to trial can be tolled. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21. R.C. 2945.72 outlines the various statutory tolling events.

{¶7} In general, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Yet, "R.C. 2945.71's triple-count provision only applies if an accused is being held in jail solely on the pending charge. If the accused is also being held in jail on other charges, the triple-count provision is inapplicable." (Emphasis and internal citations omitted.) *State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 12. In those instances, "the 270-day time limit * * * applies." *Id.*

{¶8} Phillips was arrested on December 14, 2013, so his speedy trial time began to run on December 15, 2013. *See Browand* at ¶ 12. Because Phillips remained in jail, R.C. 2945.71's triple count provision initially applied to him. On December 20th, however, he was arrested on a different case, such that he was also being held in jail on another matter. As such, as of December 20th, the triple-count provision became inapplicable. *See Stephens* at ¶ 12. At that point, 15 days had elapsed for speedy trial purposes.

{¶9} On February 26, 2014, Phillips filed a motion for a bill of particulars and a request for discovery, thereby tolling speedy trial time. *See State v. Miller*, 9th Dist. Lorain Nos. 10CA009922 & 10CA009915, 2012-Ohio-1263, ¶ 10. That same day, his counsel asked the trial court for a four-week period to review discovery. The trial court set the matter for another pretrial on March 26, 2014, at defense counsel's request, thereby tolling speedy trial time until that date. *See* R.C. 2945.72(H). Before that pretrial occurred, however, defense counsel

requested two additional continuances, such that the pretrial did not take place until April 23, 2014. The order for both continuances specifically noted that the time would be charged to Phillips, and Phillips placed his signature on the bottom of both orders. Accordingly, speedy trial time was tolled until April 23, 2014. *See id.* From December 20, 2013 to February 26, 2014, 69 days elapsed. Adding the 15 days of speedy trial time that previously elapsed, as of April 23, 2014, 84 days of speedy trial time had elapsed.

{¶10} On June 19, 2014, Phillips filed a motion to modify his bond. The trial court did not rule on his motion until July 3, 2014, so speedy trial time tolled during that period of time. *See* R.C. 2945.72(E). Between April 23rd and June 19th, 58 days elapsed, bring the total elapsed speedy trial time to 142 days. The State does not dispute that, by June 19, 2014, Phillips had finished serving the sentence he received in an unrelated matter. Accordingly, as of that date, Phillips was no longer being held in jail on charges other than the pending ones and R.C. 2945.71's triple-count provision once again applied. *See* R.C. 2945.71(E).

{¶11} On July 25, 2014, the trial court entered an order that vacated the previously scheduled trial date and set the matter for a status conference on July 30, 2014. The court noted that it had issued the order "upon Motion of the Defendant," so that continuance likewise tolled Phillips' speedy trial time. *See* R.C. 2945.72(H). From July 3, 2014 to July 25, 2014, 69 days elapsed for purposes of speedy trial time, bringing the total elapsed time to 211 days.

{¶12} On July 29, 2014, one day before the scheduled status conference, Phillips's counsel filed a motion to continue the trial date because he was immersed in a murder trial and had not yet had the opportunity to prepare for Phillips' trial. The trial court held the status conference the following day and, after considering various schedules, selected a trial date of

October 16, 2014. Because the new trial date was set at the request of defense counsel, that period of continuance further tolled Phillips' speedy trial time. *See* R.C. 2945.72(H).

**{¶13}** The trial court ultimately had to continue Phillips' rescheduled trial date due to another matter. On October 15, 2014, the court entered an order continuing the trial because the court was currently engaged in the mitigation phase of a capital case. The court continued the matter until December 1, 2014, noting that both parties had agreed to that date. Because the court's continuance amounted to a "reasonable continuance granted other than upon the accused's own motion," speedy trial time tolled during that time period. R.C. 2945.72(H). It also tolled because, on November 20, 2014, Phillips filed a motion to preclude the testimony of one of the State's potential witnesses. *See* R.C. 2945.72(E).

**{¶14}** Phillips' plea hearing took place on the scheduled trial date of December 1, 2014. By this Court's count, only 211 days of speedy trial time had elapsed at that point in time. Indeed, our count provides Phillips with the benefit of the doubt because it does not account for any additional time that might have tolled as a result of the time it took for the State to satisfy Phillips' discovery request or for Phillips to respond to the State's request for the same. Phillips, therefore, has not shown that he was brought to trial more than 270 days after his arrest. *See* R.C. 2945.71(C)(2). Because he has not shown that his statutory speedy trial rights were violated, he cannot demonstrate that his trial counsel was ineffective for failing to file a motion to dismiss on that ground. *See Morgan*, 2008-Ohio-5530, at ¶ 42.

**{¶15}** Phillips also argues that his trial counsel was ineffective for not filing a motion to dismiss on the basis that his constitutional right to a speedy trial was violated. Ohio's statutory speedy trial provisions and "the constitutional guarantees found in the Ohio and United States Constitutions are coextensive." *State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-

3407, ¶ 16. As such, a defendant who fails to prevail on his statutory speedy trial claim "may nevertheless seek a discharge on the basis that his constitutional right to a speedy trial has been violated." *State v. West*, 9th Dist. Summit No. 27485, 2015-Ohio-2936, ¶ 20. "The issue of whether [a defendant's] constitutional right to a speedy trial has been violated is analyzed under a reasonableness standard." *State v. Brownlee*, 9th Dist. Summit No. 27255, 2015-Ohio-2616, ¶ 7. The factors that must be assessed are: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, ¶ 22, citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

{¶16} A total of 353 days elapsed between Phillips' arrest and his change of plea, 83 days beyond the maximum prescribed by statute. Because the delay was less than one year it was not presumptively prejudicial. *See State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 27, quoting *State v. Untied*, 5th Dist. Muskingum No. 00CA32, 2001 WL 698024, *5 (June 5, 2001). Moreover, a significant period of that delay was attributable to motions filed by the defense, continuances requested by the defense, and scheduling conflicts. There was no evidence of a deliberate attempt to delay on the part of the State. *See State v. Osborn*, 9th Dist. Lorain No. 01CA007790, 2001 WL 1338966, *2-3 (Oct. 31, 2001).

{¶17} As to the final factor, Phillips has not demonstrated that he was prejudiced by the delay in bringing him to trial. *See Hull* at ¶ 22. For 180 days of the delay at issue, Phillips was incarcerated on an unrelated matter. The trial court could not have prevented his pretrial incarceration at that time because he was not being held solely on the pending charges. *See Skorvanek* at ¶ 30. Additionally, there is no evidence that the delay impaired Phillips' defense. *See State v. Ismail*, 9th Dist. Medina No. 2998-M, 2001 WL 7385, *2-3 (Jan. 3, 2001). Phillips

ultimately pleaded guilty to a few charges and an agreed sentence in exchange for the State dismissing the majority of his charges.

{¶18} Although Phillips did raise the issue of his speedy trial rights on a few occasions, the remaining reasonableness factors weigh against him. *See Hull* at ¶ 22. Having reviewed the record, we cannot conclude that his constitutional speedy trial rights were violated. Accordingly, Phillips has not shown that his counsel was ineffective for failing to seek a dismissal on that ground. *See Morgan*, 2008-Ohio-5530, at ¶ 42. His second assignment of error is overruled.

<u>Assignment of Error Number One</u>

THE TRIAL COURT COMMITTED PLAIN ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW IN ACCEPTING APPELLANT'S GUILTY PLEAS WITHOUT ADEQUATELY ADVISING HIM OF ONE OF HIS CONSTITUTIONAL RIGHTS.

{¶19} In his first assignment of error, Phillips argues that the trial court committed plain error when it accepted his guilty plea without properly advising him of one of his constitutional rights. We agree.

{¶20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Internal quotations and citations omitted.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9. Crim.R. 11(C)(2)(c) requires the trial court to inform a criminal defendant that a plea waives the defendant's constitutional rights "to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c). "Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance

with the rule is required." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18.

{¶21} In informing Phillips of the constitutional rights he would be waiving by pleading guilty, the court stated:

> [I]f you went forward with your jury trial the burden of presenting evidence at that jury trial would not be on you; it would be on the government. It's the prosecutors, not you, that would bear the burden of presenting evidence at your trial if you decide to go forward with your trial.

Thus, while the court told Phillips that the State would bear the burden of proof at his trial, it did not inform him that the State would have to prove his guilt beyond a reasonable doubt. Because the court did not do so, Phillips argues that it failed to strictly comply with Crim.R. 11(C)(2)(c).

{¶22} "[T]he preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R. 11(C)." *Barker* at ¶ 14. In certain circumstances, a court's failure to do so will not invalidate the defendant's plea. *See id.*, quoting *Veney* at ¶ 27. Here, however, the State concedes error and asks us to vacate Phillips' plea. Because the record reflects that the court did not properly instruct Phillips on the State's burden of proof and the State concedes the error, we must conclude that Phillips' plea is constitutionally infirm. *See State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 8-9. Pursuant to that determination, Phillips' plea is vacated and his first assignment of error is sustained.

### III

{¶23} Phillips' first assignment of error is sustained and, pursuant to that determination, his plea is vacated. His second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DEREK CEK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.