[Cite as *State v. Moore*, 2017-Ohio-7546.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 15CA010753 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL B. MOORE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 14CR089050 |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2017

TEODOSIO, Judge.

{¶1} Appellant, Michael B. Moore, appeals from his convictions in the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} Mr. Moore pled guilty to one count of aggravated robbery with firearm specifications, three counts of robbery with firearm specifications, one count of tampering with evidence, one count of receiving stolen property with firearm specifications, and one count of obstructing official business. He was found guilty and sentenced to an aggregate total of twelve years in prison.

{¶3} Mr. Moore filed a motion for leave to file a delayed appeal, which this Court granted. He now appeals from his convictions and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED IN FAILING TO ADVISE APPELLANT OF HIS
RIGHT TO APPEAL AT SENTENCING.

{¶4} In his sole assignment of error, Mr. Moore argues that the trial court erred by not advising him at sentencing of his right to appeal, his right to appellate counsel, his right to an appeal without payment if indigent, and the time-sensitive nature of an appeal. He claims his sentence is void and that he must be resentenced. We disagree.

{¶5} Crim.R. 32(B)(2) states "[a]fter imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(B)(3) further states:

If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶6} The parties agree that the trial court did not advise Mr. Moore of his right to appeal at the sentencing hearing. However, any error in the trial court's failure to advise Mr. Moore of his right to appeal was harmless, as he has failed to allege or demonstrate prejudice. *See State v. Gordon*, 9th Dist. Summit No. 25317, 2011-Ohio-1045, ¶ 14. This Court granted Mr. Moore's motion for leave to file a delayed appeal and appointed appellate counsel to

represent him, rendering harmless any error in the trial court's failure to notify him of his appellate rights. *See State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 8. Accordingly, there was no reversible error in this case. *See Gordon* at ¶ 14.

**{¶7}** Mr. Moore's first assignment of error is overruled.

III.

**{¶8}** Mr. Moore's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.