[Cite as *State v. Moore*, 2019-Ohio-2764.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO

    Appellee

v.

MICHAEL MOORE

    Appellant

C.A. No. 15CA010753

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 14CR089050

DECISION AND JOURNAL ENTRY

Dated: July 8, 2019

HENSAL, Judge.

**{¶1}** Michael Moore moved to reopen his appeal from his convictions and sentence in the Lorain County Court of Common Pleas. This Court granted his application to reopen, and this matter is now before us for decision. For the reasons that follow, we vacate our previous decision and now reverse.

I.

**{¶2}** In *State v. Graves*, this Court explained our obligations in a reopened appeal as follows:

Under Rule 26(B)(9) of the Ohio Rules of Appellate Procedure, "[i]f th[is] [C]ourt finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, [it] shall vacate its prior judgment and enter the appropriate judgment. If th[is][C]ourt does not so find, [it] shall issue an order confirming its prior judgment." Deficient performance by a lawyer is a performance that falls below an objective standard of reasonable representation. *State v. Hale*, 119 Ohio St.3d 118, 2008–Ohio–3426, at ¶ 204 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A defendant is prejudiced by the deficiency if there is a reasonable probability that, but for his lawyer's errors, the result of the proceeding would have been different. *Id.* (citing

*Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

(Alterations sic.) 9th Dist. Lorain No. 08CA009397, 2011-Ohio-5997, ¶ 9. With those obligations in mind, we now turn to the relevant facts and procedural history of this case.

**{¶3}** As this Court previously explained, "Mr. Moore pled guilty to one count of aggravated robbery with firearm specifications, three counts of robbery with firearm specifications, one count of tampering with evidence, one count of receiving stolen property with firearm specifications, and one count of obstructing official business. He was found guilty and sentenced to an aggregate total of twelve years in prison." *State v. Moore*, 9th Dist. Lorain No. 15CA010753, 2017-Ohio-7546, ¶ 2. He then moved for a delayed appeal, which this Court granted. *Id.* at ¶ 3. On appeal, he argued that his sentence was void because the trial court did not advise him of his "right to appeal, his right to appellate counsel, his right to an appeal without payment if indigent, and the time-sensitive nature of an appeal." *Id.* at ¶ 4. This Court overruled his appeal on the basis that any error in that regard was harmless. *Id.* at ¶ 6.

**{¶4}** Mr. Moore then filed an application to reopen his appeal on the basis of ineffective assistance of appellate counsel. This Court granted his application, finding that a genuine issue existed as to whether his appellate counsel was ineffective. Mr. Moore then filed his merit brief, raising four assignments of error for our review. We have combined Mr. Moore's assignments of error, and will address his second assignment of error first.

II.

ASSIGNMENT OF ERROR I

MOORE WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION[.]

ASSIGNMENT OF ERROR II

THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION BY ACCEPTING HIS GUILTY PLEA WITHOUT FIRST ADVISING HIM BY ENTERING HIS GUILTY PLEA, HE WAS WAIVING HIS CONSTITUTIONAL RIGHT TO HAVE THE STATE PROVE HIS GUILT "BEYOND A REASONABLE DOUBT."

ASSIGNMENT OF ERROR III

THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY ACCEPTING HIS GUILTY PLEA WITHOUT ADVISING HIM OF THE MAXIMUM PENALTY FOR EACH OFFENSE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN VIOLATION OF THE SENTENCING GUIDELINES SET FORTH IN THE OHIO REVISED CODE.

{¶5} In his second assignment of error, Mr. Moore argues that the trial court violated his constitutional rights when it accepted his guilty plea without first advising him that the State had the burden of proving his guilt "beyond a reasonable doubt" as required under Criminal Rule 11(C)(2)(c). As a result, he argues, he did not enter his plea knowingly, intelligently, or voluntarily. In response, the State argues that a trial court's failure to literally comply with Rule 11(C) does not invalidate a plea if the record otherwise demonstrates that the defendant knowingly, intelligently, and voluntarily entered the plea.

{¶6} In relevant part, Criminal Rule 11(C)(2)(c) requires a trial court to "orally advise a defendant before accepting a felony plea that the plea waives * * * the right to require the state to prove guilt beyond a reasonable doubt[.]" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus, citing Crim.R. 11(C)(2)(c). "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* "Although the trial court may vary slightly from the

literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant." *Id.* at ¶ 29. That said, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 25. In cases where an ambiguity exists, courts consider the totality of the circumstances to determine whether a defendant knowingly, intelligently, and voluntarily entered his plea. *Id.* at ¶ 25, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 43.

{¶7} Here, during the plea colloquy, the trial court asked Mr. Moore if he understood that the State "would have to prove [him] guilty on each offense [he was] charged with[.]" It did not indicate that the State would have to do so "beyond a reasonable doubt." We find nothing ambiguous about the trial court's language in this regard. *Compare Barker* at ¶ 16-20 (examining the ambiguity in the phrase "right to call witnesses to speak on your behalf" to inform the defendant of his right to compulsory process). And although the record contains a written plea agreement, the trial court "cannot simply rely on other sources to convey th[is] right[,]" nor can this Court consider the written plea agreement absent an ambiguity in the plea colloquy. *Veney* at ¶ 29; *Barker* at ¶ 25.

{¶8} This Court addressed a similar situation in *State v. Phillips*, 9th Dist. Summit No. 27661, 2016-Ohio-4687. There, the trial court advised the defendant that the State would bear the burden of proof at trial, but did not inform him that the State would have to prove his guilt beyond a reasonable doubt. *Id.* at ¶ 21-22. The State conceded this error on appeal. *Id.* at ¶ 22. This Court then concluded that the trial court's failure to properly instruct the defendant on the

State's burden of proof rendered his plea constitutionally infirm, and ordered it to be vacated. *Id.* The same analysis applies here. Because the trial court failed to inform Mr. Moore of the State's burden to prove his guilt beyond a reasonable doubt at trial, his plea is constitutionally infirm. *Id.*; *Veney* at syllabus, citing Crim.R. 11(C)(2)(c); *see also State v. Dosch*, 7th Dist. Mahoning No. 08 MA 63, 2009-Ohio-6534, ¶ 3, 13 (vacating the defendant's plea where "[t]he trial court reviewed a number of constitutional rights that were being waived by entering the plea, but did not discuss or mention the phrase 'proof beyond a reasonable doubt.'"); *State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 8-9 (holding that the trial court's failure to use the term "jury" when advising the defendant of his right to a trial rendered his plea constitutionally infirm); *State v. Saaty*, 10th Dist. Franklin No. 96APA06-777, 1997 WL 101654, *2 (Mar. 4, 1997) (holding same). Accordingly, Mr. Moore's second assignment of error is sustained.

{¶9}    In light of this holding, Mr. Moore's first assignment of error alleging ineffective assistance of his prior appellate counsel is sustained. His third and fourth assignments of error, which challenge his plea and sentence, are now moot. *See* App.R. 12(A)(1)(c). Pursuant to Appellate Rule 26(B)(9), we vacate our prior judgment in *State v. Moore*, 9th Dist. Lorain No. 15CA010753, 2017-Ohio-7546, and enter judgment as indicated below.

### III.

{¶10}  Mr. Moore's first assignment of error is sustained, and this Court's judgment in *State v. Moore*, 9th Dist. Lorain No. 15CA010753, 2017-Ohio7546, is vacated. Mr. Moore's second assignment of error is sustained and, accordingly, his plea is vacated. Mr. Moore's third and fourth assignments of error are now moot, and are overruled on that basis. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR

APPEARANCES:

ROBERT CABRERA, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.