[Cite as *State v. Purtee*, 2025-Ohio-5257.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 25CA1220 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Stanley Purtee, | : | **RELEASED 11/17/2025** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union, Ohio, for appellee.
_____
Hess, J.

{¶1} Stanley Purtee appeals the judgment of the Adams County Court of Common Pleas convicting him of theft, a fifth-degree felony, following a guilty plea. Purtee presents one assignment of error asserting that the trial court erred in accepting his guilty plea that was not made knowingly, voluntarily, and intelligently. He contends that the trial court failed to advise him that the State had a duty to prove his guilt beyond a reasonable doubt as required by Crim.R. 11(C). The State concedes that Purtee's argument may have merit, but in an abundance of caution, it is opposing Purtee's contention rather than conceding error and requesting a remand. The State argues that the trial court's advisement was given in a manner reasonably intelligible to Purtee.

**{¶2}** We find that the trial court failed to advise Purtee of the State's duty to prove his guilt beyond a reasonable doubt. Because the trial court omitted this advisement entirely, the written plea document cannot be relied upon to explain this right. Thus, Purtee's plea was not made knowingly, voluntarily, or intelligently and must be vacated. We sustain Purtee's sole assignment of error and remand the cause for a rehearing on Purtee's change of plea.

## I. FACTS AND PROCEDURAL HISTORY

**{¶3}** In October 2024, an Adams County grand jury indicted Purtee of one count of breaking and entering in violation of R.C. 2911.13(B) and one count of theft in violation of R.C. 2913.02(A)(1), both fifth-degree felonies. Initially Purtee pleaded not guilty, but several months later Purtee and the State entered into a plea agreement under which Purtee pleaded guilty to count two, theft. Count one, breaking and entering, was dismissed. At the change of plea hearing the trial court advised Purtee under Crim.R. 11(C)(2) of the constitutional rights he was waiving by making a guilty plea. However, when advising Purtee under Crim.R.11(C)(2)(c) of the right "to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial," the trial court informed Purtee, "You have the right to a speeding [sic] to public trial before a jury or before the court that you would be presumed to be innocent, and the state would bear the entire burden of proof." There was no advisement that the State must prove his guilt beyond a reasonable doubt. Following the trial court's colloquy, Purtee pleaded guilty. The trial court sentenced him to a ten-month prison term.

## II. ASSIGNMENT OF ERROR

**{¶4}** Purtee presents the following assignment of error:

I.      The trial court erred to the prejudice of Mr. Purtee by accepting a plea of guilty that was not made knowingly, voluntarily, and intelligently.

### III.  LEGAL ANALYSIS

#### A. Felony Guilty Plea

**{¶5}** Purtee contends that the trial court must strictly comply with the requirements of Crim.R. 11(C)(2)(c), which requires the trial court to address him and inform him of certain constitutional rights he is waiving before it can accept his guilty plea. He contends that the trial court failed to inform him of the right to have the State prove his guilt beyond a reasonable doubt. He notes that the written acknowledgement he signed identifies this right, but that the written document cannot be used to "clarify ambiguity" when there was no ambiguity because the right was entirely omitted from the trial court's verbal advisement.

**{¶6}** The State, while conceding Purtee's argument may have merit, argues that the trial court's advisement that "the state would bear the entire burden of proof" was "aligning with the core protection" of the State's burden to prove Purtee's guilt beyond a reasonable doubt. The State argues that this advisement satisfies the constitutional requirement under Crim.R. 11(C)(2)(c) because it was "reasonably intelligible" to Purtee that the State's burden was to prove his guilt beyond a reasonable doubt.

#### 1. Standard of Review

**{¶7}** Appellate courts apply a de novo standard of review when evaluating a plea's compliance with Crim.R. 11(C). *State v. Blanton*, 2025-Ohio-237, ¶ 18 (4th Dist.), citing *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990).

2. Legal Analysis

**{¶8}** Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest. With respect to the required colloquy, Crim.R. 11(C)(2)(c) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> *        *        *
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶9}** "[P]ursuant to the strict-compliance standard set forth in *Ballard,* the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant." *State v. Veney,* 2008-Ohio-5200, ¶ 29. "When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid." *Id.* (invalidating a guilty plea where it was undisputed that the trial court plainly failed to orally inform Veney of his constitutional right to require the State to prove his guilt beyond a reasonable doubt).

**{¶10}** The Ohio Supreme Court tempered slightly the strict compliance standard if the alleged error involves an ambiguity in the plea colloquy. *State v. Barker*, 2011-Ohio-

4130, ¶ 25. In *Barker*, the issue was whether the trial court's use of the more commonly understood phrase, "right to call witnesses on your behalf" to explain the constitutional right of compulsory process of witnesses was sufficient to comply with Crim.R. 11(C)(2)(c). *Id.* at ¶ 1. The *Barker* court held that it was, because the notification was "reasonably intelligible" to the defendant and a reviewing court may consider the totality of the circumstances by looking at other evidence in the record to clarify the ambiguity. *Id.* at ¶ 25-26. "[W]e hold that a trial court strictly complies with Crim.R. 11(C)(2)(c) when it orally advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *State v. Miller*, 2020-Ohio-1420, ¶ 22. "[A] trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *State v. Veney*, 2008-Ohio-5200, ¶ 8.

**{¶11}** Here, the trial court advised Purtee that the State had the burden of proof, but at no place in the colloquy did it explain that the State must prove his guilt beyond a reasonable doubt. These facts are identical to those in *State v. Moore*, 2019-Ohio-2764 (9th Dist.) and *State v. Phillips,* 2016-Ohio-4687 (9th Dist.). In both *Moore* and *Phillips*, the trial court advised the defendant that the State would bear the burden of proof at trial, but did not inform the defendant that the State would have to prove guilt beyond a reasonable doubt. In each instance, the appellate court found that the defendants did not enter their pleas knowingly, intelligently, or voluntarily and vacated the guilty pleas. The appellate court found nothing ambiguous about the omission – the advisement that the State's burden was beyond a reasonable doubt was missing entirely. Therefore, even

though there was a written plea agreement that contained that information, the appellate court held that the trial court " 'cannot simply rely on other sources to convey this right,' nor can this Court consider the written plea agreement absent ambiguity in the plea colloquy." *Moore* at ¶ 7, quoting *Veney* at ¶ 29; *Barker* at ¶ 25.

**{¶12}** Similarly, we find the trial court's failure to inform Purtee that the State had to prove his guilt beyond a reasonable doubt was an omission and not merely an ambiguity. We find that "it would weaken the strict compliance standard to consider this a mere ambiguity." *State v. Martin*, 2019-Ohio-2792, ¶ 31 (12th Dist.) (trial court did not strictly comply with Crim.R. 11(C)(2)(c) when it informed defendant that *the defendant* had the right to prove all the charges beyond a reasonable doubt, rather than the State having that burden).

**{¶13}** We reject the State's argument that the trial court's advisement was made in a manner reasonably intelligible to Purtee. The State cites no case authority with similar facts to support its argument. Purtee's situation differs significantly from cases like *State v. Elmore*, 2009-Ohio-6400 (7th Dist.) and *State v. Underwood,* 2012-Ohio-4263 (7th Dist.). In both *Elmore* and *Underwood*, the defendant contended that the trial court erred in informing the defendant that the State had to prove guilt beyond a reasonable doubt. In *Elmore*, the trial court advised that the jury could not convict "unless they were unanimously convinced beyond a reasonable doubt of each element of the offense" and in *Underwood* "where the jury would have to find her guilty beyond a reasonable doubt and the State would have the burden of proof in proving the elements of the offense." In both those cases, the appellate court held that, even though the trial court did not use the exact language in Crim.R. 11(C)(2)(c), the trial court explained this right in a manner

reasonably intelligible to that defendant. *State v. Elmore*, 2009-Ohio-6400, ¶ 12-14 (7th Dist.); *State v. Underwood*, 2012-Ohio-4263, ¶ 12 (7th Dist.).

**{¶14}** Here, the trial court failed to strictly comply with Crim.R. 11(C)(2)(c), which requires that it orally advise Purtee before accepting a felony plea that the plea waives the right to require the State to prove his guilt beyond a reasonable doubt. Because the trial court failed to strictly comply with this duty, Purtee's plea is invalid.

**{¶15}** We sustain Purtee's sole assignment of error.

### IV. CONCLUSION

**{¶16}** We sustain the sole assignment of error, vacate the trial court's judgment, and remand for further proceedings.

JUDGMENT VACATED AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS VACATED AND CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**