[Cite as *State v. Padilla*, 2015-Ohio-4220.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

KETSY I. PADILLA

    Appellant

C.A. No.    14CA010640

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CR085091

DECISION AND JOURNAL ENTRY

Dated: October 13, 2015

HENSAL, Presiding Judge.

**{¶1}** Ketsy Padilla appeals the denial of her motion to suppress in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** The uncontested facts of this case are that, on April 17, 2012, a postal inspector identified a suspected drug parcel. The parcel was from Puerto Rico and was addressed to Ariel Gonzalez at 2152 E. 30th St. in Lorain. When a drug dog sniffed the parcel, it alerted. After law enforcement obtained a warrant to open the parcel, they opened it and found ten ounces of cocaine inside. They subsequently repackaged the cocaine and fitted it with an electronic transmitter that would alert when the parcel was opened. They also obtained a search warrant for 2152 E. 30th St. They then attempted a controlled delivery of the parcel, but no one was at the residence. Shortly afterward, Ms. Padilla arrived at the house and checked the front porch and mailbox.

{¶3}    The following day, law enforcement attempted another controlled delivery.  As a postal inspector approached the front door of the residence with the parcel, Ms. Padilla opened the front door, identified herself as Ariel Gonzalez, took possession of the parcel, and brought it inside.  Approximately two minutes later, the transmitter alerted.  Thereupon, law enforcement executed the search warrant.  Upon entering, they found Ms. Padilla and Rafael Esquilin in the kitchen next to the open parcel.  Ms. Padilla identified herself and said that she lived at the address with her grandmother and her boyfriend, Mr. Gonzalez.  She also explained that the parcel belonged to Mr. Gonzalez.  Under questioning later that day, she revealed that, on April 16, Mr. Gonzalez told her that a package with cocaine would be arriving at the house and asked her to accept delivery for him.  She admitted that she had checked for the package on April 17 and received delivery of it on April 18 after identifying herself as Ariel Gonzalez.

{¶4}    The Grand Jury indicted Ms. Padilla for trafficking in drugs, possession of drugs, and use or possession of drug paraphernalia.  Ms. Padilla moved to suppress the evidence against her, arguing that the initial warrant to open the parcel was invalid because it was based on the sniff of a drug dog that was unreliable and not properly certified.  The State opposed her motion, arguing that she did not have "standing" to challenge the search of the parcel.  Following a hearing on that issue, the trial court denied Ms. Padilla's motion to suppress, concluding that she did not have a legitimate expectation of privacy in the parcel.  Ms. Padilla subsequently pleaded no contest to the offenses.  The trial court found her guilty and sentenced her to 11 years imprisonment.  Ms. Padilla has appealed, assigning as error that the court incorrectly denied her motion to suppress.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT PADILLA'S MOTION TO SUPPRESS ON THE BASIS THAT SHE "LACKED STANDING."

{¶5} Ms. Padilla argues that the trial court incorrectly determined that she did not have a legitimate expectation of privacy in the parcel that she received at her home. A motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} "The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit the police from conducting unreasonable and warrantless searches and seizures." *State v. White*, 9th Dist. Lorain No. 11CA010005, 2011-Ohio-6748, ¶ 6. "Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy[.]" *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). Fourth Amendment rights are personal in nature, however, and may not be vicariously asserted by others. *White* at ¶ 6. "Therefore, 'suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself[.]'" *Id.*, quoting *Alderman v. United States*, 394 U.S. 165, 171-172 (1969). "A person who denies ownership of an item does not possess an expectation of privacy in the item to which he

or she disclaimed ownership[.]" *State v. Carter*, 11th Dist. Portage No. 2003-P-0007, 2004-Ohio-1181, ¶ 31.

{¶7} Ms. Padilla argues that she had a legitimate expectation of privacy in the parcel that was sent to her home even though it was addressed to Mr. Gonzalez and she told officers that it was his cocaine. She argues that, under *United States v. Sheldon*, 351 F.Supp.2d 1040 (D.Hawaii 2004), the recipient of a parcel who exercises dominion and control over it can be said to hold a legitimate expectation of privacy in the parcel even if the recipient is not the addressee.

{¶8} In *Sheldon*, Hannah Sheldon received delivery of a package containing cocaine that was addressed to her son. Shortly after she took the package into the house, a beeper that had been placed in the package activated, indicating that the package had been opened. Agents who entered the house immediately after the beeper alerted found the package in a bedroom that was normally used by Ms. Sheldon. Ms. Sheldon's son was present, but Ms. Sheldon was the only occupant of the house who had fluorescent powder on her hands, indicating that she was the only person to have handled the parcel. Ms. Sheldon told officers that her son had told her that a package would be coming for her. The son explained that he had a source who would send him drugs through the mail. If a package held cocaine, he would give it to his mother to sell. If it contained other drugs, he would sell them himself. On this occasion, he had asked his source to send him a shipment for "my mom" and had told his mother that "she was going to get 'hers' any day now." *Id.* at 1042. The court concluded that Ms. Sheldon had a reasonable expectation of privacy in the parcel even though she was not the named sender or recipient in light of her history of selling drugs for the sender of the parcel, her exercise of control over the parcel upon delivery, and her actions demonstrating ownership of it, including hiding it under her bed. *But see United States v. Givens*, 733 F.2d 339, 342 (4th Cir.1984) (concluding defendants did not

have a privacy interest in a parcel that was not addressed to them even though they claimed that they were the intended recipients of the package's contents).

{¶9}     Even if this Court were to agree that, under certain circumstances, a person could have a privacy interest in a mail parcel that was addressed to someone else, the facts of this case do not match *Sheldon*.  Unlike in *Sheldon*, Ms. Padilla did not allege that she had any prior relationship with the sender of the parcel.  She also did not allege that she had distributed prior shipments of drugs that had been sent to Mr. Gonzalez.  Furthermore, unlike Ms. Sheldon, who immediately told law enforcement that the drugs in the shipment were intended for her, Ms. Padilla denied any connection to the contents of the package, telling law enforcement that the cocaine belonged to her boyfriend.  We, therefore, conclude that the trial court correctly determined that Ms. Padilla did not have a reasonable expectation of privacy in the parcel.  *See United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir.1992) (explaining that defendant had no privacy interest in parcel because it was not addressed to him and he continually attempted to disassociate himself from the package); *United States v. Campbell*, 434 Fed.Appx. 805, 809 (11th Cir.2011) (explaining that possession alone is insufficient to establish a Fourth Amendment interest in an object).

{¶10} Ms. Padilla also argues that she had a privacy interest in the parcel simply because it was in the house that she lived in.  She notes that, in *State v. Masten*, 3d Dist. Hancock No. 5-88-7, 1989 WL 111983 (Sept. 29, 1989), the court determined that the defendant could challenge the search of a locked cabinet that belonged to him even though he did not own the residence where the cabinet was stored and disclaimed ownership of the contents of the cabinet.  She also notes that, in *State v. Clark*, 1st Dist. Hamilton Nos. C-900245, C-900246, 1991 WL 155213 (Aug. 14, 1991), the court concluded that she could challenge an officer's entry into her

house even though she disclaimed ownership of the marijuana that he found in plain view upon entering the house.

{¶11} If the focus of Ms. Padilla's motion to suppress was the warrant to search her house, *Masten* and *Clark* might support her claim that she had an expectation of privacy in the items within her home. The question before the trial court, however, was whether she had a privacy interest in the parcel at the time it was subjected to the dog sniff. Courts have recognized that the addressee of a letter or package has a reasonable expectation of privacy in those items before they have been delivered. *Masten* and *Clark* do not suggest that anyone who lives at the address where a parcel is delivered has a privacy interest in the parcel while it was in transit.

{¶12} Because Ms. Padilla did not have a reasonable expectation of privacy in the parcel that was addressed to Mr. Gonzalez, the trial court correctly denied her motion to suppress. Ms. Padilla's assignment of error is overruled.

III.

{¶13} The trial court correctly denied Ms. Padilla's motion to suppress. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MARK S. ONDREJECH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.