[Cite as *State v. Martin*, 2019-Ohio-2792.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-09-105 |
| Appellee, | : | O P I N I O N |
| | | 7/8/2019 |
| | : | |
| - vs - | : | |
| | : | |
| JESSICA MARTIN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR034002


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Anzelmo Law, James A. Anzelmo, 446 Howland Drive, Gahanna, Ohio 43230, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Jessica Martin, appeals her convictions in the Warren County Court of Common Pleas for aggravated possession of drugs and possession of drug abuse instruments. For the reasons stated below, this court affirms in part, reverses in part, and remands for further proceedings.

{¶ 2} In February 2018, police were dispatched to an apartment shared by appellant

and her sister for a suspected drug overdose. Upon arrival, the police found appellant seated in the living room exhibiting symptoms consistent with an opiate overdose such as slurred speech and a general state of lethargy. One officer spoke with appellant while the second officer spoke to appellant's sister. Appellant's sister told the second officer that appellant had illicit drugs in her purse and appellant had hidden the purse in the sister's room.

{¶ 3} After speaking with appellant's sister, the second officer told the first officer that there was a possibility appellant still possessed illegal drugs in a purse in the apartment. Overhearing this conversation, appellant told the officers that she did not own a purse.

{¶ 4} Appellant's sister gave the second officer permission to search her room for appellant's purse. The officer found the purse under the bed and hidden behind a pillow. He brought the purse into the living room where appellant remained seated. As soon as appellant saw the second officer enter the room holding the purse, appellant spontaneously denied that the purse belonged to her. However, appellant's sister confirmed to the officers that it was, in fact, appellant's purse.

{¶ 5} After hearing appellant disclaim ownership of the purse, the second officer opened the purse and found several capsules he believed to be heroin, syringes, and appellant's identification documents. Upon this discovery, the officers arrested appellant and had her transported to the hospital for treatment.

{¶ 6} In April 2018, a Warren County Grand Jury indicted appellant for three offenses: two counts of aggravated possession of drugs, fifth-degree felonies, and one count of possession of drug abuse instruments, a second-degree misdemeanor.

{¶ 7} Appellant entered not guilty pleas and moved to suppress the evidence obtained from the search of the purse. After an evidentiary hearing, the trial court denied the motion because appellant's denial of ownership of the purse forfeited any reasonable

expectation of privacy she may have had in its contents and alternatively that the possible presence of illicit drugs created an exigent circumstance justifying a warrantless search of the purse.

{¶ 8} In July 2018, appellant withdrew her former pleas of not guilty and entered no contest pleas to the offenses as charged. The trial court sentenced her to a 12-month prison term for each of the felony offenses and 90 days in jail for the misdemeanor offense with all the sentences running concurrently, for an aggregate sentence of 12 months in prison. As part of the sentence, the trial court also ordered appellant to pay the costs of prosecution.

{¶ 9} Appellant now appeals raising three assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY DENYING MARTIN'S MOTION TO SUPPRESS EVIDENCE THAT POLICE OBTAINED IN VIOLATION OF HER RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 12} In the first assignment of error, appellant argues the trial court improperly decided that appellant did not have a reasonable expectation of privacy in the contents of the purse. Furthermore, she argues the court erred when it decided that an exigent circumstance otherwise justified the warrantless search of the purse.

{¶ 13} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. An appellate court must defer to the trial court's factual findings if the findings are supported by competent, credible evidence. *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, ¶ 14. However, an appellate court independently determines, without deference to the trial

court's decision, whether the facts satisfy the applicable legal standard. *State v. Cummins*, 12th Dist. Clermont No. CA2018-07-051, 2019-Ohio-1496, ¶ 22.

{¶ 14} Both the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable searches and seizures by the government. *State v. Grant*, 12th Dist. Preble No. CA2014-12-014, 2015-Ohio-2464, ¶ 13. In felony cases, the protections provided by the Ohio Constitution are the same as those provided by the United States Constitution. *Banks-Harvey* at ¶ 16.

{¶ 15} For the Fourth Amendment protections to apply,

> a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has a "source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."

*Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469 (1998), quoting *Rakas v. Illinois*, 439 U.S. 128, 143-144, 99 S.Ct. 421 (1978). An individual forfeits his expectation of privacy when he voluntarily abandons his property. *State v. Gould*, 131 Ohio St.3d 179, 2012-Ohio-71, ¶ 37; *see also State v. Adkins*, 12th Dist. Butler Nos. CA2014-02-036 and CA2014-06-141, 2015-Ohio-1698, ¶ 32. Thus, a search of the abandoned property does not violate the Fourth Amendment. *Gould* at ¶ 37.

{¶ 16} Within the context of the Fourth Amendment, the issue of abandonment is not analyzed in the "strict property-right sense." *State v. Freeman*, 64 Ohio St.2d 291, 297 (1980). Instead, abandonment is a question of intent. *Id.* Accordingly, a court must look at "all relevant circumstances" including "words spoken, acts done, and other objective facts" when deciding whether the individual forfeited his expectation of privacy. *Id.* Obviously, "property is abandoned if there is evidence that ownership of it has been relinquished." *State v. Polk,* 150 Ohio St.3d 29, 2017-Ohio-2735, ¶ 27.

{¶ 17} Ohio appellate courts have held that when a person denies ownership in property there is no longer an expectation of privacy in the disclaimed property. *State v. Padilla*, 9th Dist. Lorain No. 14CA010640, 2015-Ohio-4220, ¶ 6, *citing State v. Carter*, 11th Dist. Portage No. 2003-P-0007, 2004-Ohio-1181, ¶ 31. Other jurisdictions have likewise held that a person's explicit disclaimer of property will forfeit any privacy interest the person has in that property. *United States v. Brady*, 842 F.2d 1313, 1316 (D.C.Cir.1988) (spontaneous denial of ownership, without police provocation, demonstrates intent of disassociation to prove abandonment); *United States v. Tolbert*, 692 F.2d 1041, 1045 (6th Cir.1982) (defendant cannot claim "actual" expectation of privacy after specific denial of ownership).

{¶ 18} In *State v. Harkins*, 5th Dist. Licking No. 02-CA-00019, 2002-Ohio-3940, the Fifth District Court of Appeals reviewed a situation similar to this case. In *Harkins*, the defendant was a passenger of a motor vehicle involved in a traffic stop by law enforcement. *Id.* at ¶ 2. During the stop, the defendant voluntarily emptied the contents of her purse onto the car seat after law enforcement approached the vehicle. *Id.* at ¶ 7. Among the contents was a black wallet. The defendant denied ownership of the wallet. *Id.* at ¶ 10. A search of the wallet yielded the defendant's driver's license, personal credit cards, and cocaine. *Id.* at ¶ 11-12. Based on this discovery, the defendant was indicted for possession of cocaine. *Id.* at ¶ 14. The defendant moved to suppress the search of the wallet and the trial court denied the motion. On appeal, the *Harkins* court affirmed the denial of the motion to suppress, holding that "any protected expectation of privacy under the Fourth Amendment to the Federal Constitution was inapplicable due to the totality of her conduct and statements in abandonment as to such articles." *Id.* at ¶ 32.

{¶ 19} In this case, the issue is whether appellant's disclaimer of ownership of the purse was sufficient to constitute a voluntary abandonment. We find that it was. Without

- 5 -

prompting, appellant initially denied that she possessed a purse in the apartment. Then, when confronted with the purse by law enforcement, appellant specifically disclaimed that the purse belonged to her. These disclaimers clearly show appellant's intent to abandon the purse.

{¶ 20} Appellant argues that her attempt to hide the purse demonstrates that she did not intend to abandon it. Assuming arguendo that appellant's first denial was a mere attempt to dissuade the police from further investigation, the second, unequivocal and voluntary disclaimer clearly established that she intended to disassociate herself from the purse. Therefore, appellant forfeited her expectation of privacy. Consequently, the search did not violate appellant's constitutional rights and the trial court did not err in denying appellant's motion to suppress. Because appellant did not have a reasonable expectation of privacy to contest the search, this court need not address whether the trial court's alternative justifications for the search were in error.

{¶ 21} In light of the foregoing, appellant's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} MARTIN DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A NO CONTEST PLEA, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶ 24} In the second assignment of error, appellant argues that her plea was constitutionally infirm because she was under the influence of an impairing substance during the plea hearing and the trial court failed to advise her of the effect of a no contest plea pursuant to Crim.R. 11. We need not address appellant's argument because we sua sponte find the trial court committed plain error by not properly advising appellant of her

constitutional rights pursuant to Crim.R. 11(C)(2)(c).

{¶ 25} To constitute plain error there must be a deviation from a legal rule which affected the outcome of the proceeding. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411, ¶ 20, *citing State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The error must be fundamental, palpable, and obvious on the record such that it should have been apparent to the court without an objection. *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 30. An appellate court will take notice of plain error with "utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

{¶ 26} The United States and Ohio Constitutions require a guilty or no contest plea be made in a knowing, intelligent, and voluntary manner to be valid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. To ensure pleas meet this constitutional standard, the supreme court promulgated Crim.R. 11. *State v. Stone*, 43 Ohio St.2d 163, 167-168 (1975). Crim.R. 11(C) prescribes the procedure a trial court must follow in felony cases before accepting a guilty or no contest plea. The failure to comply with the requirements of Crim.R. 11 constitutes plain error. *State v. Stump*, 8th Dist. Cuyahoga No. 103109, 2016-Ohio-2723, ¶ 15.

{¶ 27} Appellate review of the trial court's compliance with this rule varies by the type of advisement. *State v. Bishop*, Slip Opinion No. 2018-Ohio-5132, ¶ 11. For the advisement of constitutional rights, as provided in Crim.R. 11(C)(2)(c), the trial court must strictly comply with the rule for the plea to be valid. *Veney* at ¶ 18. This means that the trial court must orally advise the defendant of each of the enumerated constitutional rights. *Id.* at ¶ 31. Strict compliance does not require that the trial court provide a "word-for word recitation of the criminal rule." *Id.* at ¶ 27. Instead strict compliance means that the trial court explain the constitutional rights in a manner that is "reasonably intelligible" to the

defendant. *Id.*

{¶ 28} Pursuant to Crim.R. 11(C)(2)(c), the trial court may not accept a plea of guilty or no contest without personally addressing the defendant and

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 29} In this case, we find that the trial court did not strictly comply with Crim.R. 11(C)(2)(c) because the court plainly failed to advise the appellant about her right to a jury trial and the state's burden to prove her guilt beyond a reasonable doubt. During the plea colloquy the court stated:

> [Court]: Now, once before, at least once, maybe twice before Ms. Martin, we have been through with you, your rights. You have the same rights as you had back in 2016 on your other case. You have the right to remain silent. You have the right to prove beyond a reasonable doubt of all of these charges, either at a bench trial or a Judge. You have the right to compel the witnesses that you want to testify, to confront the witnesses against you. I have one speech that I go through. It's almost word for word in every case. If you want, I can go through all of that, but if you're satisfied that you understand the rights that you're giving up by entering a plea of no contest, we can move forward.

{¶ 30} The Ohio Supreme Court has further tempered the strict compliance standard if the alleged error involves an ambiguity in the plea colloquy. *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 25. In *Barker*, the issue was whether the trial court's use of a commonly understood term instead of the express language in the rule was sufficient to comply with Crim.R. 11(C)(2)(c). *Id.* at ¶ 1. The *Barker* court held that it was, because the notification was "reasonably intelligible" to the defendant and a reviewing court may consider the totality of the circumstances by looking at other evidence in the record to clarify

the ambiguity. *Id.* at ¶ 25-26.

{¶ 31} However, a reviewing court may not use the totality of the circumstances test "where a trial court omits *any* discussion of a constitutional right in the oral colloquy." (Emphasis added.) *Id.* at ¶ 25. In this case, the record shows that the error was not simply an ambiguous statement or a reliance on a commonly understood term. There was a complete omission of the right to a jury trial. As such, this case is distinguishable from *Barker.* Here, the trial court advised appellant she had a right to a "bench trial" or a "Judge." While we acknowledge that this misstatement was likely unintentional, given the redundancy of the phrase, it would weaken the strict compliance standard to consider this a mere ambiguity. The trial court failed to personally address appellant about her right to a jury trial. This omission, taken together with the incorrect statement that the appellant, as opposed to the state, had "the right to prove beyond a reasonable doubt of all of these charges," is significant enough to undermine our confidence that appellant entered the plea knowingly, intelligently, and voluntarily. Therefore, the trial court erred in its Crim.R. 11(C)(2)(c) duties and this error affected the outcome of the proceeding.

{¶ 32} Accordingly, appellant's plea is vacated, and her conviction is reversed on the basis of plain error. In light of the foregoing disposition, appellant's other arguments for this assigned error are moot.

{¶ 33} Assignment of Error No. 3:

{¶ 34} MARTIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 35} In the third assignment of error, appellant argues that she received ineffective assistance of counsel because her attorney failed to request the trial court waive the imposition of court costs. As a result of the disposition for appellant's second assignment

of error, the third assignment of error is moot.

{¶ 36} In conclusion, the search did not violate the Fourth Amendment because appellant forfeited her expectation of privacy by disclaiming the purse. Accordingly, the trial court's decision denying the motion to suppress is affirmed. However, the trial court committed plain error by failing to advise appellant of her constitutional rights as required by Crim. R. 11(C)(2)(c). Consequently, we vacate appellant's conviction and plea and remand the matter for further proceedings consistent with this opinion.

{¶ 37} Judgment affirmed in part, reversed in part, and remanded.

RINGLAND, P.J., and PIPER, J., concur.