[Cite as *State v. Benjamin*, 2022-Ohio-427.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-06-023 |
| | : | O P I N I O N |
| - vs - | | 2/14/2022 |
| | : | |
| RONALD E. BENJAMIN, II, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020CR0744


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Brian T. Goldberg, for appellant.



**BYRNE, J.**

{¶1} Ronald E. Benjamin, II appeals from his convictions for rape and gross sexual imposition in the Clermont County Court of Common Pleas. Benjamin argues that he failed to enter his guilty pleas knowingly, intelligently, and voluntarily. He also contends that his sentence under the Reagan Tokes Law is unconstitutional. For the reasons described below, we reject these arguments and affirm Benjamin's convictions.

## I. Procedural and Factual Background

{¶2}   In October 2020, a Clermont County grand jury indicted Benjamin on one count of gross sexual imposition ("GSI") (Count One), one count of rape by force or threat of force (Count Two), one count of sexual battery (Count Three), and one count of rape of a victim under 13 years of age (Count Four).  The indictment arose out of allegations that Benjamin engaged in acts of sexual contact and sexual conduct with minor victims.

{¶3}   Benjamin pleaded not guilty.  Later, Benjamin agreed to withdraw his guilty pleas and entered into a negotiated plea agreement.  Benjamin agreed to plead guilty to two counts:  Count Two (rape by force or threat of force), and Count Four, which would be amended to GSI, a felony of the fourth degree.  The state agreed to dismiss the remaining two counts.  Finally, Benjamin and the state agreed to jointly recommend a sentence cap of 12 years for both offenses.

{¶4}   Before the plea hearing, Benjamin and his counsel reviewed and signed two written guilty plea forms.[1]  On the plea form for the GSI count, the basic prison term was listed as 12 to 60 months.  The form also stated that no promises had been made to induce the plea other than "cts 1+3 dismissed, recommend cap of 12 years – state will ask for 12."

{¶5}   The plea form for the rape count stated that the "basic prison term" was three to eleven years.  The form stated, "I understand the MAXIMUM definite prison term could be 11 years and the MAXIMUM indefinite prison term could be 16.5 years * * *."  The form also stated that "No promises have been made except as part of this plea agreement, stated entirely as follows: Dismiss cts 1+3 (ct 4 to be amended) Jointly recommend sentence cap of 12 years on counts 2+4."

{¶6}   At the plea hearing, Benjamin confirmed that he had read and signed both

---

1. Different forms were used for each count because Benjamin would be subject to an indefinite prison term on the rape charge and language relevant to the Reagan Tokes Law appeared on that form.

plea forms. The court then informed Benjamin that, as to the GSI count, he was subject to a term of 12, 18, 24, 30, 36, 42, 48, 54 or 60 months in prison. Benjamin stated he understood.

{¶7} The court then discussed the rape charge and asked Benjamin if he understood the concept of an indefinite sentence. Benjamin stated he did, but the court explained it to him anyway. The court explained that the minimum term was three to eleven years and, with the indefinite term included, the maximum sentence could be sixteen-and-one-half years in prison.

{¶8} The following exchange then occurred:

[The court]: All right. So just because I have to tell you this even though there is an agreed cap, the total sentence you could serve exclusive of the maximum sentence on the rape would be 15 years on the two charges. You understand that?

Benjamin: Yes, sir.

After a comment by defense counsel, the court corrected itself and clarified that the maximum sentence on the two counts, when not considering the indefinite portion of the rape sentence, was 16 years.

{¶9} The court then informed Benjamin of all the constitutional rights he was giving up by pleading guilty. Benjamin confirmed he understood. Benjamin agreed that it was his desire to withdraw his previous pleas of not guilty and enter guilty pleas. Benjamin then pleaded guilty to the two counts, and the court accepted those pleas.

{¶10} At the sentencing hearing, Benjamin's defense counsel acknowledged the jointly recommended cap of 12 years, yet presented various arguments in Benjamin's favor, asking the court to consider imposing a sentence less than the cap. The state presented various arguments in favor of the court imposing 12 years. The court heard statements by the victims' family members.

{¶11} In passing sentence, the court commented that it felt that the only factor that would favor leniency was that Benjamin had agreed to enter into a plea agreement and spared the victims a trial. But the court observed that this was Benjamin's third sex offense involving minors and that he had been in prison at least three other times. The court noted that Benjamin had had opportunities to rehabilitate and had failed to do so.

{¶12} The court then imposed sentences of 24 months on the GSI count and a 10-year mandatory minimum sentence on the rape count, run consecutively, for a total sentence of at least 12 years in prison. Because the Reagan Tokes Law's indefinite sentencing scheme applied to the rape sentence, the court advised Benjamin that the maximum sentence on the rape count would be 15 years with the indefinite portion included. Benjamin indicated he understood. Benjamin appealed, raising two assignments of error.

## II. Law and Analysis

{¶13} Assignment of Error No. 1:

{¶14} MR. BENJAMIN'S PLEA WAS NOT ENTERED INTO KNOWINGLY AND INTELLIGENTLY BECAUSE HE WAS NOT TOLD AT THE TIME OF HIS PLEA THAT THE TRIAL COURT WAS NOT BOUND BY THE TERMS OF THE AGREEMENT WHICH PROMPTED IT.

{¶15} Benjamin argues that he did not knowingly and intelligently enter his plea. He contends that he and the state jointly recommended a 12-year cap, but the court imposed a sentence that, because of the Reagan Tokes Law's indefinite sentencing scheme, could result in him serving a greater prison term. Benjamin contends that, while the court informed him of the maximum potential sentence he could face on each count, it did not advise him that the court could exceed the jointly recommended cap.

### A. Applicable Law

{¶16} "When a defendant enters a plea in a criminal case, the plea must be made

- 4 -

knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶17} Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. As pertinent here, Crim.R. 11(C)(2)(a) provides that a trial court must not accept a guilty plea in a felony case without personally addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."

{¶18} We have held that a trial court is not bound by the terms of a plea agreement, including the recommended sentence, and can choose to deviate from the recommendation. *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 WL 652371, *3 (Apr. 22, 2002); *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 20. However, in such a case, for the plea to be voluntary, the trial court must have "[forewarned] the defendant of * * * the possibility of imposing a greater sentence than that recommended by the prosecutor." *Pettiford* at *id*.

## B. Legal Analysis

{¶19} Benjamin does not argue that he entered his plea without an understanding of the nature of the charges or the maximum penalty involved. Instead, he contends that the court exceeded the jointly recommended cap and failed to inform him that it could exceed the jointly recommended cap and impose a potentially greater sentence.

{¶20} Initially, we note that we neither accept nor reject Benjamin's argument that the court exceeded the recommended cap when it imposed a 12-year mandatory minimum sentence plus an indefinite prison sentence under the Reagan Tokes Law. We need not address that issue because, even if we presume that the court exceeded the recommended

cap, we find, upon review, that the court did in fact inform Benjamin that it could impose a greater jail term than 12 years. The court stated:

> So just because I have to tell you this *even though there is an agreed cap, the total sentence you could serve exclusive of the maximum sentence on the rape would be 15 years* on the two charges. You understand that?
>
> A: Yes, sir.

(Emphasis added.) The court then corrected itself and stated that the maximum sentence (not including the indefinite portion), was 16 years.

{¶21} The trial court therefore notified Benjamin that, despite the recommended cap, he could be ordered to serve a potential sentence of 16 years on both charges together.[2] The trial court also notified Benjamin that the indefinite portion of a maximum sentence on the rape count could add more years to his prison term. As a result, we find that Benjamin entered his pleas with an understanding of the nature of the charges and of the maximum penalty involved, and that Benjamin was aware that the trial court could sentence him to a prison term longer than 12 years. Crim.R. 11(C)(2)(a).[3]

{¶22} Benjamin cites *State v. Lumbus*, 8th Dist. Cuyahoga No. 99301, 2013-Ohio-4592, for the proposition that a trial court errs when it fails to advise a defendant it can deviate from a negotiated plea agreement. In that case, the written plea form stated that a condition of the plea was an "AGREED sentence" of three years in prison. *Id.* at ¶ 6. During the plea colloquy, the court failed to mention the agreed sentence. *Id.* at ¶ 10. And defense

---

2. The trial court's reference to a maximum sentence of 16 years on the two counts (not including the Reagan-Tokes indefinite sentence)—was to a potential sentence of 11 years on the rape count and 5 years (60 months) on the GSI count.

3. We also note that the plea forms and transcript of the plea hearing make clear that the cap was jointly "recommended." By the language alone, Benjamin would have been on notice that the cap was a suggestion, the court was not bound by the recommendation, and the court could reject the recommendation. That the cap was only a recommendation was underscored by the fact that Benjamin's counsel presented arguments asking the court to sentence Benjamin for less than the recommended cap.

counsel stated on the record that the agreed upon sentence of three years was a "material consideration" in entering the plea and that if that sentence was not imposed "then this plea agreement would be voided and the indictment would be reinstated." *Id.* at ¶ 11. The court later imposed a five-year prison sentence. *Id.* at ¶ 32.

{¶23} We find *Lumbus* distinguishable. Here, even if we assume (without deciding) that the court's sentence exceeded the recommended cap, the trial court informed Benjamin that it could deviate from the cap and potentially impose a 16-year mandatory minimum sentence, plus the indefinite sentence. For all these reasons, we overrule Benjamin's first assignment of error.

{¶24} Assignment of Error No. 2:

{¶25} THE REAGAN TOKES ACT, AS ENACTED BY THE OHIO [LEGISLATURE] IS UNCONSTITUTIONAL, AND THE TRIAL COURT ERRED BY SENTENCING MR. BENJAMIN UNDER THE ACT.

{¶26} Benjamin argues that the Reagan Tokes Law is unconstitutional because it violates the separation-of-powers doctrine. But we have previously found that the Reagan Tokes Law, R.C. 2967.271, et seq., does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25.

{¶27} Benjamin also argues that the Reagan Tokes Law violates his due process rights. As with his separation-of-powers argument, we have previously determined that the Reagan Tokes Law does not violate an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

{¶28} Based on the reasoning set forth in *Suder* and *Guyton* we overrule Benjamin's

second assignment of error.

{¶29} Judgment affirmed.


PIPER, P.J., and HENDRICKSON, J., concur.