[Cite as *State v. Bechtol*, 2024-Ohio-4444.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | CASE NO. CA2023-12-021 | |
| | : | O P I N I O N | |
| - vs - | | 9/9/2024 | |
| | : | | |
| CARL M. BECHTOL, JR., | : | | |
| Appellant. | : | | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 22 CR 13868


Martin P. Votel, Preble County Prosecuting Attorney, and Sean Brinkman, Assistant Prosecuting Attorney, for appellee.

Kirsten Knight, for appellant.


**BYRNE, J.**

{¶ 1} Carl M. Bechtol, Jr. appeals from his conviction for two counts of rape in the Preble County Court of Common Pleas. Bechtol argues that because the court breached a plea agreement at sentencing, he did not knowingly and voluntarily enter guilty pleas to the offenses. For the reasons described below, we find no merit to this argument and

affirm Bechtol's convictions.

## I. Factual and Procedural Background

{¶ 2} In April 2022, a Preble County grand jury returned a 21-count indictment charging Bechtol with multiple sexual offenses, including rape, sexual battery, gross sexual imposition, and importuning. The majority of these counts also included sexually violent predator specifications. The indictment arose following allegations that Bechtol repeatedly raped and molested two minor victims.

{¶ 3} Bechtol pleaded not guilty. But in December 2023, the state and Bechtol entered into a written plea agreement in which Bechtol agreed to withdraw his not guilty pleas and plead guilty to two counts of rape.

{¶ 4} The written plea agreement contained the following language relevant to this appeal:

> **PLEA AGREEMENT:** Discussions were held between the prosecutor and my attorney and the following **PLEA AGREEMENT** has been reached and approved by me:
>
> **Defendant will plead guilty to 2 Counts of Rape, State agreed to dismiss [Sexually Violent Predator] specifications and remaining charges and cap sentencing recommendation at 11-16 1/2 years.**
> . . .
>
> **EFFECT OF GUILTY PLEA:** I further understand that if I plead guilty I will receive a sentence. The sentencing hearing may be today or continued to another date. The court may refer me to the probation department to have a pre-sentence investigation (PSI) report prepared before the sentencing hearing. I understand that any recommendations, either by the probation department or by the parties to this controversy, are not binding on the Court and that no promises or guarantees as to sentence have been made to me.
>
> . . .
>
> **CONSECUTIVE SENTENCES:** I understand that the sentence for two or more or more [sic] offenses, even if the sentences are not mandatory, may be required by the Court

to be served consecutively. The prosecutor, Bechtol, and Bechtol's attorney all signed the written plea agreement.

{¶ 5}   At the plea hearing, the state recounted the terms of the plea agreement. Bechtol's attorney indicated that the terms were accurate and that he had discussed the agreement with Bechtol and that was how Bechtol wished to proceed.

{¶ 6}   The court then noted that Bechtol had a copy of the plea agreement in front of him.  Bechtol confirmed that he had reviewed the plea agreement with his attorney and that he understood all the terms in the plea agreement and the terms were acceptable to him.

{¶ 7}   The court stated that it understood that Bechtol intended to plead guilty to Count One, rape.  The court informed Bechtol that the maximum penalty for that offense was a term of incarceration of 11 to 16 and one-half years in prison and a fine of up to $20,000.  Bechtol confirmed that he understood those potential penalties.

{¶ 8}   The court next stated that it understood that Bechtol intended to plead guilty to Count Seven, rape.  The court informed Bechtol that the maximum penalty for that offense was a term of incarceration of 11 to 16 and one-half years in prison and a fine of up to $20,000.  Bechtol confirmed that he understood those potential penalties.

{¶ 9}   The court next informed Bechtol of the various constitutional rights he was waiving upon entering a plea of guilty, including the right to a jury trial, the obligation of the state to prove his guilt beyond a reasonable doubt, the right to confront and call witnesses, and the right to remain silent.  Bechtol confirmed he understood his waiver of these constitutional rights.

{¶ 10} Following this colloquy, Bechtol pleaded guilty to Counts One and Seven. The court accepted those pleas and found Bechtol guilty.   The court ordered a presentence-investigative report and continued the matter for sentencing.

{¶ 11} At sentencing, the state read aloud an impact letter written by one of the victims. The other victim spoke at the sentencing. Both victims were clearly traumatized by Bechtol's actions and also spoke of his threatening to kill them if they ever told what he did to them. The state also presented testimony from a children's services caseworker who worked with the victims. The caseworker told the court of the terrible effects of Bechtol's actions on the victims. Bechtol offered no statement in allocution, other than referring to his sentencing memorandum.

{¶ 12} The court then imposed a sentence of eleven to sixteen- and one-half years on Count One and eleven years on Count Seven. The court then stated the following as to consecutive sentences:

> And it's my order that those sentences should be served consecutively to one another.
>
> The State's recommendation was for concurrent sentences and I'm going to give a little reason for my thinking. The Revised Code provides that consecutive terms should be imposed if the Court finds that it's necessary to impose such sentences to protect the public from a future crime, or to publi—punish the offender appropriately, and that the sentences are not disproportionate to the seriousness of the offender's conduct.
>
> The- the conduct that's reported in this case, and- and admitted in the Pre-Sentence Investigation, is horrendous and almost beyond description. And the lack of remorse shown by the Defendant in his interview as part of the Pre-Sentence Investigation Report, lead me to believe that there's a risk of harm to the public should he be released any sooner than the sentences that I've imposed.

{¶ 13} The sentence imposed, in the aggregate, was 22 to 27- and one-half years in prison. Bechtol appealed.

## II. Law and Analysis

{¶ 14} Bechtol's sole assignment of error states:

APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT

- 4 -

AND VOLUNTARY BASED UPON A BREACH OF THE PLEA
AGREEMENT.

{¶ 15} Bechtol contends that his plea was not knowing and voluntary because during the plea hearing, the trial court did not inform him that "it would impose anything other than the plea agreement." Bechtol argues that the court breached the plea agreement because it was not until the sentencing hearing when the court indicated that "it would not be following the plea agreement" and would instead impose consecutive sentences.

**A. Applicable Law**

{¶ 16} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 2008-Ohio-3748, ¶ 25. Given the seriousness of such a decision, "'[w]hen a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Hawkins*, 2023-Ohio-2915, ¶ 7 (12th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179.

{¶ 17} "'A trial court's obligations in accepting a plea [is] depend[ent] upon the level of offense to which the defendant is pleading.'" *State v. Muhire*, 2023-Ohio-1181, ¶ 11 (12th Dist.), quoting *State v. Jones*, 2007-Ohio-6093, ¶ 6. "Crim.R. 11(C) prescribes the procedure a trial court must follow in felony cases before accepting a guilty or no contest plea." *State v. Martin*, 2019-Ohio-2792, ¶ 26 (12th Dist.). The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c).

- 5 -

*State v. Oliver*, 2021-Ohio-2543, ¶ 41 (12th Dist.). This also requires the trial court to make the necessary determinations and give the defendant the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *Id.*

{¶ 18} Specifically, Crim.R. 11(C)(2)(a), (b), and (c) provide:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**B. Legal Analysis**

{¶ 19} Bechtol does not cite Crim.R. 11(C)(2) in his brief or argue that the court failed to provide the required advisements necessary to ensure that he understood the consequences of his plea under that rule. Upon our review of the plea hearing, we find that the trial court properly advised Bechtol of the constitutional rights he was waiving. Furthermore, the trial court advised Bechtol of the maximum penalties (prison terms) he

faced on each of the two counts of rape. In this regard, we note that the trial court was not required to advise Bechtol that it had the discretion to impose the two prison terms consecutively. *State v. Johnson*, 40 Ohio St.3d 130 (1988), syllabus ("Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary"); *State v. Buckley*, 2024-Ohio-499, ¶ 13 (12th Dist.) ("The law in Ohio . . . provides that, prior to accepting a defendant's pleas of no contest, a trial court need not warn the defendant of the possibility that consecutive sentences could be imposed. . . . Such an advisement is only necessary, if at all, when the imposition of consecutive sentences is mandatory").[1] Nonetheless, we note that the written plea agreement stated that the prison terms could be imposed consecutively and Bechtol signed the agreement and acknowledged his understand of the agreement at the plea hearing.

{¶ 20} Bechtol's principal argument is that the court "breached" the plea agreement by failing to inform him at the plea hearing that it could deviate from the state's recommended sentence cap. We find no error in this regard.

{¶ 21} First, there is nothing in the record that suggests that the court was a party to the plea agreement entered into between the state and Bechtol and thus could possibly "breach" the agreement. To the contrary, the plea agreement specifies that it was based upon discussions between the prosecutor and Bechtol's counsel only. At the plea hearing, the court made no statement indicating that it would be following the recommended sentence and thus arguably bind itself to the terms of the plea agreement.

{¶ 22} Second, the record is clear that the state's only promise with regard to the

---

1. *Buckley* involved a no contest plea. However, the cases cited in *Buckley* concerned guilty pleas.

plea was to "recommend" a cap of 11 to 16 and one-half years in prison. The use of the word "recommend" plainly indicates that the court was not a party to the plea agreement and would retain discretion on whether to accept that recommendation or not. Furthermore, the plea agreement itself specifically stated that the recommendation was only that and was not binding on the court. Specifically, the plea agreement stated, "I understand that any recommendations, either by the probation department or by the parties to this controversy, are not binding on the Court and that no promises or guarantees as to sentence have been made to me."

{¶ 23} Regardless, the law is well settled that "a trial court is not bound by the terms of a plea agreement, including the recommended sentence, and can choose to deviate from the recommendation." *State v. Benjamin*, 2022-Ohio-427, ¶ 18 (12th Dist.) (citing cases). In such a case, the court does not err by imposing a sentence greater than that recommended by the state so long as the court forewarns the defendant of the potential of imposing a greater sentence than recommended by the prosecutor. *Id*.

{¶ 24} At the plea hearing, the court did not expressly advise Bechtol that it could deviate from the state's recommended sentence. However, we have held that a trial court need not explicitly forewarn a defendant of the potential of imposing a greater sentence, but may do so by advising the defendant of the maximum penalty the court can impose. *State v. Perry*, 2023-Ohio-3106, ¶ 21 (12th Dist.). In *Perry*, we held that the trial court advised the defendant that it was not required to sentence him to the state's recommended 12-year prison term by informing him that he faced a maximum sentence of up to the state's recommended cap of 20 years. *Id*.[2]

{¶ 25} Here, the trial court informed Bechtol of the maximum penalties he faced on

---

2. In *Perry*, the court specifically agreed at the plea hearing that it would not impose a sentence greater than the state's recommended cap. *Id*. at ¶ 4.

each count of rape, which was far greater than the state's recommended sentence. Thus, Bechtol was informed that the court could impose a sentence greater than that recommended by the state. In addition, and as discussed above, Bechtol signed and acknowledged the written plea agreement, which specified that the court was not required to impose any recommended sentence.

{¶ 26} Bechtol cites *State v. Bonnell*, 2002-Ohio-5882 (12th Dist.), for the proposition that a plea is involuntary where a court promises not to sentence the defendant to prison but then subsequently imposes a prison term at sentencing. In that case, the trial judge participated in the plea negotiations by promising not to impose a prison sentence. *Id*. at ¶ 13. We held that this promise was an inducement by the court to enter a guilty plea and that when the court later imposed a maximum sentence, it rendered the plea non-voluntary, and committed reversible error. *Id*. at ¶ 18. *Bonnell* is distinguishable. Here, the court never promised to impose any particular sentence on Bechtol at any point in the proceedings.

### III. Conclusion

{¶ 27} For the foregoing reasons, we find that that Bechtol entered his guilty pleas in a knowing, intelligent, and voluntary manner. *State v. Drain*, 2022-Ohio-3697, ¶ 31. We overrule Bechtol's sole assignment of error.

{¶ 28} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.